**Thavy CHUM, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13-70972**

United States Court of Appeals, Ninth Circuit.

Submitted September 27, 2016 *

Filed October 04, 2016

Julia Cherlow, Glaser Weil LLP, Los Angeles, CA, Jacqueline Dan, Staff Attorney, Asian Pacific American Legal Center, Garden Grove, CA, for Petitioner

Margaret Anne O'Donnell, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

---

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**456**

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Thavy Chum, a native and citizen of Cambodia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review, and remand.

Chum was convicted of accessory to a felony under California Penal Code § 32. Applying the interpretation of "obstruction of justice" articulated in *Matter of Valenzuela Gallardo*, 25 I. & N. Dec. 838 (BIA 2012), the BIA concluded that Chum was removable for having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), because her conviction was for "an offense relating to obstruction of justice" under 8 U.S.C. § 1101(a)(43)(S).

In light of our decision in *Valenzuela Gallardo v. Lynch*, 818 F.3d 808 (9th Cir. 2016), we remand to the BIA for either application of the agency interpretation announced in *Matter of Espinoza–Gonzalez*, 22 I. & N. Dec. 889 (BIA 1999), or consideration of a new construction of 8 U.S.C. § 1101(a)(43)(S).

In light of this disposition, we do not reach Chum's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).